Haywood **WILLIAMS, Jr.,** Petitioner-Appellant,

v.

**U. S. DEPARTMENT OF JUSTICE, BUREAU OF PRISON, and Olin G. Blackwell, Warden, Atlanta Federal Prison,** Respondents-Appellees.

No. 29831.

United States Court of Appeals, Fifth Circuit.

Oct. 26, 1970.

Haywood Williams, Jr., pro se.

John W. Stokes, Jr., U. S. Atty., Allen I. Hirsch, Asst. U. S. Atty., Atlanta, Ga., for respondents-appellees.

Before THORNBERRY, MORGAN and CLARK, Circuit Judges.

PER CURIAM:

■ Appellant, an inmate of the United States Penitentiary at Atlanta, Georgia, filed his petition in the district court complaining of certain prison regulations. The court below, treating the petition as one for habeas corpus, denied relief without holding an evidentiary hearing. We affirm in part and vacate and remand in part.[1]

■ Appellant, bringing this action on behalf of himself and all other prisoners similarly situated, claims that the prison prohibition against the inmate use of typewriters in the drafting of their *pro se* petitions is a denial of free access to the courts. We find no merit in this contention, having specifically rejected it in Durham v. Blackwell, 5th Cir. 1969, 409 F.2d 838.

Appellant further argues that the Atlanta Penitentiary's policy which forbids inmate assistance in the preparation of *pro se* motions and writs, "except in unusual cases, and then only with special written authorization,"[2] is violative of the Supreme Court's mandate set forth in Johnson v. Avery, 1969, 393 U.S. 483, 89 S.Ct. 747, 21 L.Ed.2d 718.

Johnson v. Avery, supra, held that a prison regulation prohibiting inmate assistance in the drafting of pro se legal papers constituted a deprivation of due process of law, where no "reasonable alternative" was available to furnish legal advice. That court noted that the existence of programs wherein legal aid is provided to prisoners by law students "indicates that techniques are available to provide alternatives."

Appellant alleges that the legal services which Emory University Law School renders to the prisoners at the Atlanta Penitentiary is not a "reasonable alternative" to inmate assistance since the law school is overwhelmed with cases, and therefore it is unable to act

---

1. It is appropriate to dispose of this pro se case summarily, pursuant to this Court's local Rule 9(c) (2), appellant having failed to file a brief within the time fixed by Rule 31, Federal Rules of Appellate Procedure. Kimbrough v. Beto, Director, 5th Cir. 1969, 412 F.2d 981.

2. In his amended petition to the District Court the appellant has attached a copy of the prison's Policy A–7300.36 dated March 2, 1970, which provides:
    "14. LEGAL PAPERS AND BOOKS Writs, petitions, court decisions, correspondence from attorneys, or other legal papers pertaining to an individual's present case or to pending cases, may be kept in the inmate's living quarters. These items, as well as all others, must be stored in a neat and orderly manner. The volume of items, as well as method of storage, must be kept to standards that permit effective security searches and inspections with a minimum amount of staff time being expended. Except in unusual cases, and then only with special written authorization, will any inmate be permitted to have in his possession, legal materials belonging to another inmate, nor will he prepare legal work for others. Any personal service performed by one inmate for another inmate must be approved in advance."

upon some prisoners' requests for as long as eighteen months.

We believe that an eighteen-month delay is an unreasonable length of time for a prisoner to wait in order to file a petition for post-conviction relief. See 28 U.S.C. § 2243, which provides for speedy adjudication of the merits of habeas corpus cases.

The district court, however, failed to make any findings relative to the veracity of appellant's allegation that such a delay exists. We, therefore, remand this case to the district court for a determination of the issue.

Affirmed in part; vacated and re· manded in part.