**Dorothy BRUNO, Appellant,**

v.

**Hon. Calvin K. HAMILTON, Appellee.**

**No. 74–1968.**

United States Court of Appeals, Eighth Circuit.

Submitted June 9, 1975.

Decided Aug. 1, 1975.

Charles C. Shafer, Kansas City, Mo., for appellant.

J. Whitfield Moody, Asst. U. S. Atty., Kansas City, Mo., for appellee.

Before VAN OOSTERHOUT, Senior Circuit Judge, LAY and HEANEY, Circuit Judges.

PER CURIAM.

Fulltime Magistrate Calvin K. Hamilton disapproved a bond tendered by Dorothy Bruno on behalf of an unnamed criminal defendant and in connection therewith entered an order that he would no longer accept Mrs. Bruno as a surety on any bond tendered to him. Mrs. Bruno filed a motion for reinstatement as a qualified bondsman with the magistrate. An evidentiary hearing was granted, after which the magistrate filed a memorandum opinion finding Mrs. Bruno was not a suitable bondsman under Local Court Rule 21(d) of the Western District of Missouri. The order concludes as follows:

> The undersigned is of the opinion that Dorothy Bruno, by: (a) her association with Felix Ferina, (b) her acceptance of the .38 caliber revolver from Azariah M. Bates, as security for a promissory note given in payment of the fee for the criminal appeal bond, with knowledge that he had been convicted of a felony, and (c) her failure to obtain the permit required by Section 564.630, RSMo, prior to receiving the .38 caliber revolver from Azariah M. Bates, has demonstrated that she is not a reputable person. Further, knowledge that Dorothy Bruno received the .38 caliber revolver, without complying with the law of the State of Missouri, from a person who had been found guilty of a felony as security for a promissory note given in payment of a fee for posting a criminal appeal bond, has caused the undersigned to lose confidence in her business integrity and the moral manner by which she carries out her business or undertakings. Therefore, the motion to reinstate Dorothy Bruno as a bondsman is denied and the undersigned will not accept her or the Bruno Bonding Company as a surety on any bail or other bond proffered to him.

Mrs. Bruno filed a timely notice of appeal to the district court from such disqualification order, filed exceptions to the magistrate's findings and order, and filed a petition for writ of mandamus ordering the magistrate to reinstate her as a bondsman.

Parenthetically, we note that no appeal has been taken from the order refusing to accept Mrs. Bruno as a bondsman for the unknown criminal defendant. The magistrate's disapproval of that particular bond is not here involved.

The trial court by final order filed October 14, 1974, determined it had no jurisdiction to review the magistrate's order. It treated the case as one for mandamus and dismissed the petition on the ground that under Local Rule 21 the magistrate acted within his discretion and that mandamus will not lie to compel a discretionary act.

Local Rule 21(b) and (c) sets forth the general qualifications for a bondsman, which Mrs. Bruno appears to have met. Mrs. Bruno had served as a bondsman in state and federal courts for many years. The magistrate's disqualification order is based on Local Rule 21(d) which reads:

> (d) *Bonds—Surety.* If any sureties, corporate or individual, or any agent, representative, servant, or employee thereof, conduct themselves or their business respecting the writing of bail, surety, or bonds of any type or character, so as to forfeit the confidence of this Court, or cause any Judge of this Court to lose confidence in the business integrity or moral manner by which they carry out their business or undertakings; the Court or Judge expressing any such loss of confidence may enter an order directing that such surety, agent, representative, or employee of a surety, be precluded from proffering bail, surety, or any other bonds to this Court.

·The "moral manner" by which any surety, or its agent, representative, or employee will be measured, is whether, in the opinion of any Judge of this Court, the method of conducting its business will subject the Court to calumny in any manner whatsoever.

The magistrate urges that the district court lacks jurisdiction to review a magistrate's disqualification order. There appears to be no specific statutory proceeding for district court review of a magistrate's order in a case of this kind.

However, Local Rule 26(B)(6) is set out in footnote 1 of *Birdwell v. Ciccone,* 490 F.2d 310, 311–312 (8th Cir. 1973). The rule in substance provides that the magistrate shall file a written report and recommendations and that there shall be a review de novo of any order or filing of a magistrate to which written exception is filed by a party within five days.

■ Plaintiff has appealed from the magistrate's order and filed exceptions to the magistrate's order. The district court does not discuss the applicability of Local Rule 26(B)(6) or any other pertinent local rule. We believe that the rule cited confers jurisdiction for district court review. In any event, we believe the district court has inherent power to review the final decision of its magistrates except in situations where by statute or valid court rule the magistrate is empowered to make final disposition. *See* 28 U.S.C. § 636(c). No such situation here exists. Upon remand the issue of the trial court's power and authority to review the orders of its magistrates under the circumstances here presented should be resolved.

■ A serious question exists on whether Local Rule 21(d) confers jurisdiction upon the magistrate to permanently disqualify a bondsman. Rule 21(d) by its plain language appears to limit the revocation of bond writing authority to a court or a judge thereof. We find nothing in the record to indicate that the court's rights under Rule 21(d) have been delegated to the magistrate. Moreover, the delegation if made is highly questionable. The magistrate is rather strictly limited with respect to his jurisdiction to enter final orders by 28 U.S.C. § 636. *See Wingo v. Wedding,* 418 U.S. 461, 470, 94 S.Ct. 2842, 41 L.Ed.2d 879 (1974); *Noorlander v. Ciccone,* 489 F.2d 642, 646–647 (8th Cir. 1973), and cases there cited.[1] The sub-

---

1. In *Wingo v. Wedding,* 418 U.S. 461, 94 S.Ct. 2842, 41 L.Ed.2d 879 (1974), the Supreme Court held that magistrates are not authorized to conduct an evidentiary hearing in federal habeas corpus cases. 418 U.S. at 473, 94 S.Ct.

2842, 41 L.Ed.2d 879. At footnote 19 on the same page the Court states:

> To the extent that *OShea v. United States,* 491 F.2d 774 (CA1 1974), and *Noorlander v. Ciccone,* 489 F.2d 642 (CA8 1973), suggest

stantial issues of whether Rule 21(d) or any other rule confers jurisdiction on a magistrate to permanently disqualify a bondsman should be resolved initially by the district court. If no such jurisdiction exists, the magistrate's order should be vacated for lack of jurisdiction. If on the other hand jurisdiction does exist, the trial court should review the record made and afford opportunity to the parties to offer evidence before the court. We note that the record reflects that the trial transcript before the magistrate did not become available to the court until long after the court's entry of final judgment.

The court disposed of the petition for mandamus upon the ground that it could not compel an official to perform a discretionary act. Unless the magistrate has jurisdiction to enter a non-reviewable order under Local Rule 21(d) or otherwise, there is no discretion which he can exercise and an order entered without jurisdiction is void.

Moreover, mandamus is an extraordinary remedy reserved for extraordinary situations. It is not to be used as a substitute for appeal. If as we have heretofore indicated the magistrate's action is reviewable by the district court, no need arises to resort to mandamus. If the mandamus issue is reached, we believe the initial issue is whether the magistrate acted within his jurisdiction in issuing the order here under attack. Absent jurisdiction, the issue of discretion or abuse of discretion would not arise.

The judgment of dismissal is reversed and this case is remanded to the trial court for further consideration in light of the views here expressed.

that magistrates may also accept oral testimony, provided that each party has the right to a *de novo* hearing before the District Judge, we disagree. Such a procedure is precluded by both § 2243 and § 636(b).

The foregoing does not impair the validity of *Noorlander* for the purpose for which it is cited.