**UNITED STATES of America, Plaintiff,**

v.

**Joseph Vincent AGOSTO, Defendant.**

**No. Cr. 3–81–96.**

United States District Court,
D. Minnesota,
Third Division.

Feb. 22, 1983.

James M. Rosenbaum, U.S. Atty., Douglas Kelley and Thorwald H. Anderson, Asst. U.S. Attys., Minneapolis, Minn., for plaintiff.

John R. Wylde, Clay R. Moore, Minneapolis, Minn., for defendant.

## MEMORANDUM & ORDER

DEVITT, District Judge.

On January 23, 1983, defendant was found guilty on 18 counts of mail fraud, wire fraud, misapplication of bank funds, and conspiracy. After the verdict was read and received, the government moved the court to revoke defendant's bond and place him in custody. The court found that defendant had not discharged his burden under Fed.R.Crim.P. 46(c) and 18 U.S.C. § 3148, revoked defendant's bond, and placed him in the custody of the United States Marshal. The following day the court heard additional evidence from the defendant and the government. Once again the court found that defendant had not discharged his burden. Because the court was leaving the jurisdiction to attend a judicial conference, the matter was referred to the magistrate in the event defendant wanted to present additional evidence. On February 9, 1983, after several days of hearings, the magistrate ruled that defendant had met his burden of proof and imposed a number of conditions that had to be met prior to release.

The government appealed the magistrate's February 9, 1983 order to this court, and on February 14, 1983, this court stayed that order. Defendant moves this court for an order dismissing the government's appeal of the February 9 order claiming this court does not have the power to review that order.

At the time this matter was referred, the magistrate's power to hear the matter had not been resolved. Ignoring the jurisdictional question, defendant proceeded to present several days of evidence and testimony to the magistrate. It was not until the magistrate ruled and the government appealed that defendant raised the issue of the magistrate's authority.

■ Defendant argues that a magistrate's determination under section 3148 is not subject to review by the district court, apparently relying on 28 U.S.C. § 636(a)(2), which grants magistrates power to "impose conditions of release under section 3146 of title 18." Defendant argues that because section 3148 incorporates section 3146 by reference and because section 3146 expressly allows a *judicial officer* to make the determination under that section, the magistrate had authority to make a final ruling under section 3148. In addition, defendant argues that because section 3148 is not specifically referenced in 28 U.S.C. § 636(b)(1)(B) (relating to the types of matters that may be referred to a magistrate for a report and recommendation), this is further support for the position the district court does not have the power to review the magistrate's order. There are no reported decisions that address this precise issue. However, it is clear that the issue of a magistrate's role and scope of authority is to be decided initially by the district court. *See In re Worksite Inspection of Quality Products, Inc.,* 592 F.2d 611, 613 (1st Cir. 1979); *Bruno v. Hamilton,* 521 F.2d 114, 117 (8th Cir.1975).

■ Congress' intent in passing the Magistrate's Act was "to cull from the ever-growing workload of the U.S. district courts matters that are more desirably performed by a lower tier of judicial officers." H.Rep.

No. 1629, 90th Cong. 2d Sess., *reprinted in* [1968] U.S.Code Cong. & Ad.News 4252, 4255 [hereinafter 1968 House Report]. Although a magistrate has authority and responsibilities that derive from the statute itself, *Bruno,* 521 F.2d at 116; Administrative Office of the United States Courts, Legal Manual for United States Magistrate, § 3.06, at 3–9 (1980) [hereinafter Magistrate's Manual], it must be remembered that "the magistrate is an officer of the U.S. district court, is appointed by article III judges of the court and subject at all times to the directions and control of the judges." 1968 House Report, *supra,* at 4264; *Mathews v. Weber,* 423 U.S. 261, 96 S.Ct. 549, 554, 46 L.Ed.2d 483 (1976). The jurisdiction that a magistrate exercises is derived from the district court, delegated to the magistrate by the court pursuant to statute and local rule. Magistrate's Manual, *supra,* § 3.01, at 3–2. Generally a magistrate's duties can be classified into four categories:

a. Those duties which had formerly been handled by United States commissioners (primarily initial proceedings in federal criminal cases);

b. The trial of criminal misdemeanors upon the consent of the defendants;

c. The trial of civil cases upon the consent of the litigants; and

d. "Additional duties" delegated by the judges of the district courts to assist them in expediting the civil and criminal caseloads of the courts.

*Id.* The first category is codified in 28 U.S.C. § 636(a)(1) & (2) which provides:

(a) Each United States magistrate serving under this chapter shall have within the territorial jurisdiction prescribed by his appointment—

(1) all powers and duties conferred or imposed upon United States commissioners by law or by the Rules of Criminal Procedure for the United States District Courts;

(2) the power to administer oaths and affirmations, impose conditions of release under section 3146 of title 18, and take acknowledgements, affidavits, and depositions . . . .

Taking the legislative history as a whole and reviewing the statutory predecessors to these sections, the inescapable conclusion is that Congress intended magistrates to have final decision-making authority only over matters that are ministerial in nature. *See, e.g.,* 1968 House Report, *supra;* Magistrate's Manual, *supra,* § 3.03. This authority is limited even further in felony cases. "[A] magistrate's authority in a felony case is limited to: (1) the conduct of *initial proceedings* under 28 U.S.C. § 636(a); and (2) the conduct of other proceedings on reference from a district judge under 28 U.S.C. § 636(b)." Magistrate's Manual, *supra,* § 3.12, at 3–19 (emphasis added); *see* 1968 House Report, *supra,* at 4263–65; Director of the Administrative Office of the United States Courts, Reports of the Proceedings of the Judicial Conference of the United States at 54 (1971). It is within this context that 18 U.S.C. §§ 3146 & 3148 must be interpreted.

Section 3146 of title 18 sets out the standard to be applied to persons seeking release prior to trial in noncapital cases and provides a hierarchy of conditions. Fed.R. Crim.P. 46(c) provides:

(c) PENDING SENTENCE AND NOTICE OF APPEAL. Eligibility for release pending sentence or pending notice of appeal or expiration of the time allowed for filing notice of appeal, shall be in accordance with 18 U.S.C. § 3148. The burden of establishing that the defendant will not flee or pose a danger to any other person or to the community rests with the defendant.

Section 3148 of title 18 provides in part:

A person . . . who has been convicted of an offense and is either awaiting sentence or sentence review under section 3576 of this title or has filed an appeal or a petition for a writ of certiorari, shall be treated in accordance with the provisions of section 3146 unless the court or judge has reason to believe that no one or more conditions of release will reasonably assure that the person will not flee or pose a danger to any other person or to the community. If such a risk of flight or danger is believed to exist, or if it ap-

pears that an appeal is frivolous or taken for delay, the person may be ordered detained.

Clearly defendant falls under Rule 46(c) and section 3148.

■ It is significant that 28 U.S.C. § 636(a)(2) refers only to 18 U.S.C. § 3146; there is no reference to section 3148. Under general rules of statutory construction the court must presume that the omission was intentional. *See Bruno,* 521 F.2d at 116 (court has inherent power to review decision of magistrate unless a statute or rule empowers magistrate to make final disposition). In addition, determining whether a defendant should be released after conviction is an important responsibility. The district court judge, the one who has observed the demeanor of the defendant throughout the trial and who is intimately familiar with the case, is in the best position to make the final determination. *See O'Shea v. United States,* 491 F.2d 774, 776–77 (1st Cir.1974) ("in matters of importance the magistrate decides nothing, but merely recommends"). Therefore the logical conclusion is that the magistrate has no final decision-making authority under section 3148. In addition, it appears that even under section 3146 the district court can review the magistrate's determination. *See United States v. Zuccaro,* 645 F.2d 104 (2d Cir.1981) (district court has authority to amend conditions of release set by magistrate under section 3146); *United States v. James,* 674 F.2d 886, 889–90 (11th Cir.1982) (same); *see also United States v. Thibodeaux,* 663 F.2d 520 (5th Cir.1981) (district court's power to review magistrate's section 3146 bail order is unfettered). In summary, the magistrate did not have authority to make a final determination of defendant's eligibility for release on bail.

Basically 28 U.S.C. § 636(b) provides two standards of review: clearly erroneous or contrary to law and de novo. Because the determination under section 3148 is not a pretrial matter the clearly erroneous standard is inapplicable. 28 U.S.C. § 636(b)(1)(A). If the reference is construed to have been under 28 U.S.C. § 636(b)(1)(B), clearly the standard of review is de novo. The omission of any express reference to 18 U.S.C. § 3148 in 28 U.S.C. § 636(b)(1)(B) is not significant since the duties specified were "intended to illustrate the general character of duties assignable to magistrates under the act, rather than to constitute an exclusive specification of duties so assignable." 1968 House Report, *supra,* at 4262. In addition, even if the reference is construed to have been pursuant to 28 U.S.C. § 636(b)(3) (additional duties jurisdiction) the standard of review would still be de novo. *See Mathews v. Weber,* 423 U.S. 261, 96 S.Ct. 549, 554, 46 L.Ed.2d 483 (1976). In summary, the only authority the magistrate had pursuant to the reference was to provide the court with a report and recommendation subject to de novo review by the court.

Accordingly, IT IS ORDERED defendant's motion to dismiss the appeal of the government is DENIED.