**Lawrence "Lum" DYE, Petitioner-Appellant,**

v.

**Henry E. COWAN, Warden, Kentucky State Penitentiary, Respondent-Appellee.**

No. 72-8081.

United States Court of Appeals, Sixth Circuit.

Dec. 27, 1972.

Lawrence "Lum" Dye, in pro. per.

Ed W. Hancock, Atty. Gen. of Kentucky, Frankfort, Ky., for appellee.

Before PHILLIPS, Chief Judge, and WEICK and EDWARDS, Circuit Judges.

PER CURIAM.

 This court has received and considered appellant's motions to proceed in forma pauperis and for a certificate of probable cause.[1] Upon examination

---

1. We find in the file of this case an "Order" granting a certificate of probable cause signed by a U. S. magistrate. This order is clearly ultra vires and void. *See* 28 U.S.C. § 2253 (1970). The U. S. magistrate is not a Title III judge. U.S.Const. art. III. The functions of the U. S. magistrate in relation to post-conviction remedy cases in the United States District Court is carefully delineated by the Feder Magistrates Act as follows:

(b) Any district court of the United States, by the concurrence of a majority of all the judges of such district court, may establish rules pursuant to

which any full-time United States magistrate, or, where there is no full-time magistrate reasonably available, any part-time magistrate specially designated by the court, may be assigned within the territorial jurisdiction of such court such additional duties as are not inconsistent with the Constitution and laws of the United States. The additional duties authorized by rule may include, but are not restricted to—

\* \* \* \* \*

(3) preliminary review of applications for posttrial relief made by individuals convicted of criminal offenses, and

of the files and records of the state and federal court proceedings, we note that appellant's sole contention which might amount to a federal constitutional issue is his claim that he was tried and sentenced for the crimes charged, although mentally incompetent to stand trial at the time.

As to this issue, we note, as apparently did the District Judge, that the state trial judge conducted a separate evidentiary inquiry on the issue of mental competence to stand trial and resolved the issue against appellant's present contentions. In the unanimous opinion of the Court of Appeals of Kentucky affirming appellant's convictions, we find this discussion of this issue:

> Although there was evidence that Dye claimed lapses of memory concerning what happened on the occasion of the tragedy and some subsequent lapses of memory concerning personal details, the evidence also demonstrated that he was fully able to comprehend the nature and consequences of the proceeding pending against him; that he recalled detailed events and answered numerous questions relevant to this case. We cannot say that the trial judge erred when he concluded that Dye was able to participate rationally in his defense. Cf. Anderson v. Commonwealth, Ky., 353 S.W.2d 381 (1961). No complaint is made concerning the instructions to the jury, which included a specific instruction on insanity. Dye v. Commonwealth, 477 S.W.2d 805 (Ky.Ct.App.1972).

 We agree with the Court of Appeals that appellant's claims of limited lapses of memory are not in and of themselves evidence of mental incompetence to stand trial. The facts alleged in this habeas petition do not begin to

match those dealt with by the United States Supreme Court in Pate v. Robinson, 383 U.S. 375, 86 S.Ct. 836, 15 L.Ed. 2d 815 (1966). Nor do we find in appellant's habeas petition the allegation of facts, as opposed to unsupported conclusions, which if true, would have required the District Judge to hold an evidentiary hearing.

The motions referred to above are denied and the appeal is dismissed.

---

submission of a report and recommendations to facilitate the decision of the district judge having jurisdiction over the case as to whether there should be a hearing. 28 U.S.C. § 636(b)(3) (1970).

Judicial decision making, except in relation to minor offenses, *See* 18 U.S.C.

§§ 3401, 3402 (1970), is not within the prerogative of the United States magistrate nor can it be delegated to him by the United States District Judge. T.P.O., Inc. v. McMillen, 460 F.2d 348 (7th Cir. 1972); Ingram v. Richardson, 471 F.2d 1268 (6th Cir. 1972). (Decided Nov. 1972).