**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Lazaro F. ROJAS, Defendant–Appellant.**

No. 89–3236.

United States Court of Appeals,
Fifth Circuit.

March 29, 1990.

Bruce C. Ashley, II, New Orleans, La., for defendant-appellant.

Lazaro F. Rojas, New Orleans, La., pro se.

Robert J. Boitmann, John O. Braud, Asst. U.S. Attys., John P. Volz, U.S. Atty., Constantine Georges, Asst. U.S. Atty., New Orleans, La., for plaintiff-appellee.

Before BROWN, JOLLY and DAVIS, Circuit Judges.

E. GRADY JOLLY, Circuit Judge:

Lazaro F. Rojas pled guilty to one count of conspiracy to distribute and one count of distribution of cocaine and now appeals his conviction, claiming that his plea was not knowing and voluntary. Rojas further contends that the Federal Magistrates Act did not authorize referral of his case to a magistrate for a hearing and recommendation as to whether his plea was knowing and voluntary, and that adoption of this recommendation by the district court was an

abuse of discretion. We disagree with both these contentions and affirm the conviction.

## I

Rojas was arrested delivering 20 ounces of cocaine to an undercover DEA agent. He initially pled not guilty, but after several months of unsuccessful pretrial motions, he entered a plea arrangement with the government and, on the morning of trial, pled guilty to one count of conspiracy and one count of distribution. At the sentencing hearing, to the surprise of his counsel, Rojas asked to withdraw his guilty plea. Rojas claimed innocence, accused his attorney of threatening him with a long sentence if he went to trial and explained that he had only pled guilty because his attorney was providing him no defense. The district judge then put Rojas' attorney under oath and asked him about Rojas' assertions. The lawyer disputed Rojas' claims and recounted his own vigorous efforts on Rojas' behalf. The judge agreed that he strongly questioned Rojas' veracity, based on his previous admissions of guilt both to the court and to the probation officer, which resulted in a reduction in his potential sentence. The judge refused to permit Rojas to withdraw his plea.

When the judge next asked if Rojas had anything to say in mitigation of his punishment, Rojas made additional protests. He claimed that he had not seen the PSI, that he had not had certain interviews with probation officers and that he had not met with his attorney to discuss these issues. Concluding that Rojas either was lying then or had lied before, the judge then halted the proceedings and referred Rojas' case to a magistrate for an evidentiary hearing to determine whether Rojas' guilty plea had been knowing and voluntary.

The magistrate concluded that Rojas' attorney had provided him a vigorous defense but that Rojas could offer his attorney little help by way of identifying evidence and alibi witnesses to support his claim of innocence. She also found Rojas' claim that there was no cocaine in his house "totally incredible," based on evidence from the suppression hearing that cocaine was spread throughout the premises. Concluding that "nothing has been introduced at this hearing which would indicate, as Rojas claims, that he has any type of valid defenses to the charges against him," and that the government's case against him was overwhelming, she recommended that his motion to withdraw be denied as his earlier plea was knowing and voluntary. The district judge adopted this recommendation and then sentenced Rojas to 121 months incarceration on each of two counts.

## II

On appeal, Rojas makes two contentions. First, he argues that referral of his case to a magistrate was not authorized by the federal statute empowering magistrates to hear certain matters. Second, he maintains that even if the referral was authorized, the district court abused its discretion by not allowing him to withdraw his guilty plea. We conclude that referral of the matter to a magistrate was authorized and that denying Rojas permission to withdraw his guilty plea was not an abuse of discretion.

## A

■ The jurisdiction and powers of federal magistrates are set forth in 28 U.S.C. 636. After subsection (a), which sets out general areas of authority for magistrates, subsection (b) states:

(b)(1) Notwithstanding any provision of law to the contrary—

(A) **a judge may designate a magistrate to hear and determine any pretrial matter** pending before the court, except a motion for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or quash an indictment or information made by the defendant, to suppress evidence in a criminal case, to dismiss or to permit maintenance of a class action, to dismiss for failure to state a claim upon which relief can be granted, and to involuntarily dismiss an action. A judge may reconsider any pretrial matter under this subparagraph (A)

where it has been shown that the magistrate's order is clearly erroneous or contrary to law.

(B) **a judge may also designate a magistrate to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition, by a judge of the court, of any motion excepted in subparagraph (A),** of applications for posttrial relief made by individuals convicted of criminal offenses and of prisoner petitions challenging conditions of confinement.

28 U.S.C. 636(b)(1) (emphasis supplied).

Even if we read subsections (b)(1)(A) and (b)(1)(B) together in the narrowest sense, as Rojas would have us do, it is clear that the referral of this matter to a magistrate was authorized by the statute. Subsection (b)(1)(A) authorizes magistrates to "hear and determine any pretrial matter" except certain specified matters, none of which include the voluntariness of a plea. Even these specified matters may be referred to a magistrate for "findings of fact and recommendations" under (b)(1)(B) for final disposition by a judge.

The voluntariness of the plea was obviously a pretrial matter and as such could be referred to a magistrate. It was not one of the specifically excepted matters that could not be referred to a magistrate for hearing and determination. Even if we accept Rojas' contention that determining the voluntariness of a plea is so critical a stage in a criminal proceeding that it must be done by a judge, there was no unauthorized action here. The magistrate in this case did not "determine" the matter but only made a recommendation and findings of fact. The final decision whether to accept the recommendation was made by the district judge, after he had both heard Rojas' own arguments and reviewed the magistrate's findings of fact. Thus even if the determination of the voluntariness of a plea is so important that it should be considered analogous to those issues specifically exempted from a magistrate's authority in section 636(b)(1)(A), the magistrate here exercised no greater authority than she could have for issues specifically exempted, i.e., making a recommendation.

Finally, the principal case upon which Rojas relies does not support his argument. In *Gomez v. U.S.,* —— U.S. ——, 109 S.Ct. 2237, 104 L.Ed.2d 923 (1989), the Supreme Court held that the catchall provision of 28 U.S.C. 636(b)(3), which provides that magistrates "may be assigned such additional duties as are not inconsistent with the Constitution and laws of the United States," did not authorize magistrates to preside over jury selection for felony trials. *Gomez* addressed magistrates' potentially unlimited authority under section 636(b)(3), rather than the more limited authority under section 636(b)(1) with which we deal here. More importantly, the primary dangers of permitting magistrates to exercise the authority at issue in *Gomez*, that no meaningful review could be had once a jury was selected and that jury selection was a uniquely judicial function, are absent in this case. An incorrect recommendation, as opposed to a poorly supervised voir dire, can easily be corrected by the district judge's rejecting the magistrate's recommendation and even holding a second evidentiary hearing if necessary. Besides being easily correctable, the evidentiary hearing before us, unlike the delicate task of supervising a voir dire, is the standard fare of hearing evidence and making findings of fact that magistrates do everyday. As such, we conclude that *Gomez* is fully consistent with our decision that section 636(b)(1) authorized the hearing at issue.

## B

Rojas also contends that the district court abused its discretion by not permitting him to withdraw his guilty plea. Rule 32(d) of the Federal Rules of Criminal Procedure provides in relevant part:

If a motion for withdrawal of a plea of guilty or nolo contendere is made before sentence is imposed, the court may permit withdrawal of the plea upon a showing by the defendant of any fair and just reason.

This court has held that "though Rule 32 is to be construed and applied liberally, ... there is no absolute right to withdraw a guilty plea." *United States v. Benavides,* 793 F.2d 612, 616 (5th Cir.), *cert. denied,* 479 U.S. 868, 107 S.Ct. 232, 93 L.Ed.2d 158 (1986). *United States v. Carr,* 740 F.2d 339, 343–44 (5th Cir.1984) sets forth seven factors the district court is to consider in ruling on a Rule 32 motion. Of these, the only ones that supported granting Rojas' motion were that he was asserting his innocence and that withdrawal would probably not prejudice the government.

Even if the government would not be prejudiced by granting a defendant's motion to withdraw, the motion need not necessarily be granted if "no credible reason is proffered." *United States v. Rasmussen,* 642 F.2d 165, 168, n. 6 (5th Cir.1981). A claim of innocence, alone, also does not justify withdrawal. *Carr,* 740 F.2d at 344. We cannot say, given Rojas' utterly unsupported protestations of innocence and the overwhelming evidence against him, that denying his motion to withdraw was an abuse of discretion.

### III

For the foregoing reasons, the judgment of the district court is

AFFIRMED.