**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

_____

No. 96-20832
_____


CLARENCE H. JONES, JR.,

                              Petitioner-Appellant,

VERSUS

GARY L. JOHNSON,
Director, Texas Department of Criminal Justice,
Institutional Division,

                              Respondent-Appellee.


_____

Appeal from the United States District Court
for the Southern District of Texas
_____
January 28, 1998


Before JONES, SMITH, and STEWART, Circuit Judges.

JERRY E. SMITH, Circuit Judge:


I.

In 1995, Clarence Jones, a Texas state inmate, filed a petition for writ of habeas corpus under 28 U.S.C. § 2254. On the basis of the magistrate judge's report and recommendation, and over Jones's objection, the district judge denied the petition. Jones filed a notice of appeal and moved for a certificate of probable cause ("CPC") to appeal and for permission to appeal *in forma pauperis* ("IFP"). The district judge referred the CPC and IFP motions to the magistrate judge "for disposition and/or

recommendation."

The magistrate judge denied the motions in the form of a final orderSSnot a report and recommendation to the district judgeSS entitled "Memorandum and Order." The district judge took no action thereafter, and the magistrate judge's order stands as the last action, at the district court level, prior to the filing of the notice of appeal. The case, nonetheless, was forwarded to this court, and Jones now requests that we issue a CPC. Concluding, however, that we are without jurisdiction, we dismiss the appeal and remand.

II.

Jones's habeas petition was filed before the April 24, 1996, effective date of the Antiterrorism and Effective Death Penalty Act ("AEDPA") of 1996. Accordingly, this case is governed by the law in effect prior to the AEDPA's enactment. *See Green v. Johnson*, 116 F.3d 1115, 1119-20 (5th Cir. 1997); *see also Lindh v. Murphy*, 117 S. Ct. 2059, 2068 (1997).

Jones must obtain a CPC in order to appeal the denial of his habeas petition. The version of FED. R. APP. P. 22(b) in effect when Jones's petition was filed stated,

> [A]n appeal by the applicant for the writ may not proceed unless a district or a circuit judge issues a certificate of probable cause. If an appeal is taken by the applicant, the district judge who rendered the judgment shall either issue a [CPC] or state the reasons why such a certificate should not issue.

Likewise, former 28 U.S.C. § 2253 provided that "[a]n appeal may not be taken to the court of appeals from the final order in a

2

habeas corpus proceeding where the detention complained of arises out of process issued by a State court, unless the justice or judge who rendered the order or a circuit justice or judge issues a [CPC]."

Here, as we have stated, the magistrate judge denied the motion for CPC, and the district judge did not rule on the motion or adopt the magistrate judge's decision. We thus are presented with an issue that is *res nova* in this circuit: whether the determination of CPC status, made only by the magistrate judge and not presented to the district judge for review, is sufficient to confer jurisdiction on this court to consider a further motion for CPC presented to us.

The authority of a magistrate judge to act on civil matters is described in the Federal Magistrate's Act (the "Act"), 28 U.S.C. § 636. Generally, in a case in which the parties have not consented to have the case proceed before a magistrate judge, a magistrate judge may determine pretrial matters, conduct evidentiary hearings, and file proposed findings and recommendations. *See* § 636(b)(1)(A)-(C).[1]

In *Dye v. Cowan*, 472 F.2d 1206, 1207 n.1 (6th Cir. 1972), the court stated that a magistrate's order granting CPC was "clearly ultra vires and void," because a magistrate is not an Article III judge, and the functions delineated in the Federal Magistrate's Act

---

[1] On the other hand, where the parties have *consented* to proceed before a magistrate judge, he may "conduct any or all proceedings in a jury or nonjury civil matter and order the entry of judgment in the case," provided the district judge has designated the magistrate judge to exercise such authority. *See* § 636(c)(1). The parties gave no such consent in the instant case.

did not include the authority to issue CPC's.[2]  The *Dye* case was decided under a prior version of the Act, which gave magistrate judges (then called "magistrates") the power of "preliminary review of applications for post-trial relief made by individuals convicted of criminal offenses, and submission of a report and recommendations to facilitate the decision of the district judge having jurisdiction over the case as to whether there should be a hearing."  28 U.S.C. § 636(b)(3) (1970).  The statute permitted any district court, by rule, to assign magistrates "such additional duties as are not inconsistent with the Constitution and laws of the United States."  *Id.* § 636(b).  As the *Dye* court noted, however, "Judicial decision making, except in relation to minor offenses, . . . is not within the prerogative of the United States magistrate nor can it be delegated to him by the United States District Judge."  472 F.2d at 1207 n.1 (citations omitted).

The present version of the Act is worded differently.  Like the prior version, the Act provides that "[a] magistrate may be assigned such additional duties as are not inconsistent with the Constitution and laws of the United States."  28 U.S.C. § 636(b)(3).  More specifically, the Act also provides that

> a judge may designate a magistrate to hear and determine any pretrial matter pending before the court, except [items not relevant here].  A judge of the court may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate's order is clearly erroneous or contrary to

---

[2] Another circuit appears to consider the question to be an open one.  *See Jones v. Peterson*, 108 F.3d 338 (9th Cir.) (table), 1997 U.S. App. LEXIS 3153, at *1 (9th Cir. Feb. 20, 1997), *cert. denied*, 118 S. Ct. 300 (1997).

4

law.

*Id.* § 636(b)(1)(A).  In regard to habeas matters, "a judge may also designate a magistrate . . . to submit to a judge of the court proposed findings and recommendations . . . of applications for posttrial relief made by individuals convicted of criminal offenses . . . ."  *Id.* § 636(b)(1)(B).

Most recently, in *United States v. Dees*, 125 F.3d 261 (5th Cir. 1997), this court interpreted the current statute in holding that the taking of a guilty plea is a permissible "additional duty" under § 636(b)(3).  Citing *Peretz v. United States*, 501 U.S. 923, 930-31 (1991), and *Gomez v. United States*, 490 U.S. 858, 864 (1989), the court opined that "a magisterial duty is a proper 'additional duty' under the clause if it bears some relationship to the duties that the Act expressly assigns to magistrate judges." 125 F.3d at 264-65.  Because the taking of a plea bears a close relationship to evidentiary proceedings to determine the voluntariness of a pleaSSwhich latter proceedings this court had found to be authorized to magistrates under § 636(b)(1), *see United States v. Rojas*, 898 F.2d 40 (5th Cir. 1990)SSthe court held that the taking of pleas is a proper "additional duty" under the statute.

Having disposed of the statutory issue, the court addressed whether the taking of pleas by magistrate judges offends Article III of the Constitution.  The court stated that

> [m]ost notably, Article III judges cannot delegate to
> magistrate judges final authority over some important
> issue in a case, as only Article III judges, not their
> adjuncts, have the power to dispose of cases or

controversies.  For this reason, the Supreme Court has stressed that the reviewability of a magistrate judge's actions is a critical factor in considering the propriety of an Article III judge's delegation of authority to a magistrate judge.

125 F.2d at 268.  The court added,

[S]o long as the district court has the power to review the magistrate judge's actions, there is no "'threat to the judicial power or the independence of judicial decisionmaking that underlies Article III.'" *Peretz*, 501 U.S. at 938 . . . (quoting *United States v. Raddatz*, 447 U.S. 667, 685-86 . . . (1980) (Blackmun, J., concurring)).  Only when a magistrate judge possesses final decisionmaking authority over a substantial issue in a case does an Article III problem arise.  *See Raddatz*, 447 U.S. at 683 . . . .

*Id.*

Applying these maxims, the court noted that "[t]he taking of a plea by a magistrate judge does not bind the district court to accept that plea.  Rather, the district court retains ultimate control over the plea proceedings, which are submitted to the court for its approval."  *Id.* (citation omitted).  To the same effect, the court added that in *Peretz*, the Court later held that because a district court retains the ultimate decision over whether to empanel a jury selected under a magistrate's watch, voir dire is sufficiently reviewable to allow it to be assigned to magistrate judges without damage to Article III's structural guarantees."  *Id.* (citing *Peretz*, 501 U.S. at 937).

III.

Thus, under the law of this circuit, the pivotal question is whether a given duty assigned to a magistrate judge is subject to

6

meaningful review by the district judge.[3]  At least under the facts and circumstances of the instant case, we conclude that there was insufficient provision for review, so the magistrate judge's purported grant of CPC is inadequate to confer jurisdiction on this court.

## A.

The district judge effectively ceded authority to act when he referred the motion for CPC to the magistrate judge "for disposition and/or recommendation."  Once the magistrate judge elected to take final action, rather than submit a report and recommendation, the cession became final, with the magistrate judge ruling, in a document entitled "Memorandum and Order," that the "request for a certificate of probable cause is DENIED."  As the *Dees* court held, "Article III judges cannot delegate to magistrate judges final authority over some important issue in a case." 125 F.3d at 268.  "Only when a magistrate judge possesses final decisionmaking authority over a substantial issue in a case does an Article III problem arise."  *Id.*  But that, in fact, is what occurred here.  The central requirement of *Dees*SSthat "the district court retains ultimate control over the [] proceedings, *which are submitted to the court for its approval*,"[4]SSplainly was not met.

_____

[3]  We assume that, under *Dees*, 125 F.3d at 264-65, the magistrate's consideration of the request for CPC is a permissible "additional duty" under § 636(b)(3), as it "bears some relationahip" to a magistrate judge's customary role of submitting reports and recommendations on whether to grant habeas relief.

[4]  *Dees*, 125 F.3d at 268 (emphasis added).

B.

Even if we were not confronted by the limitations of Article III, as analyzed in *Dees*, the language of the former § 2253 would be dispositive. As we have noted, that section provided that "[a]n appeal may not be taken . . . in a habeas corpus proceeding . . . unless the justice or judge who rendered the order or a circuit justice or judge issues a [CPC]."

Here, the district judge issued the order denying habeas relief. The statute requires any subsequent CPC to be issued by that district judge or by "a circuit justice or judge." If there were any doubt that the words "or judge" refers to a district judge, not a magistrate judge, we would look to FED. R. APP. P. 22(b), which requires a CPC to be issued by "a district or a circuit judge." The reference is not to the "district *court*," but only to the specified judicial officer, i.e., the district *judge*." We assume the rule means what it says and that, accordingly, a CPC at the district court level must be issued by a United States district judge.[5]

IV.

In summary, we apply the principles enunciated by this court in *Dees* and, agreeing with the position taken by the Sixth Circuit

---

[5] *See also Holiday v. Johnston*, 313 U.S. 342, 350-54 (1941) (holding that, where Habeas Corpus Act of 1867 required hearing to be before the "court, justice, or judge," court's referral of matter to a commissioner was not permitted); *Cruz v. Hauck*, 515 F.2d 322, 328 n.10 (5th Cir. 1975) (distinguishing between statutory reference to "trial court" and "trial judge" and placing significance on the fact that the subject statute contained no specific language directing the district judge to hold an evidentiary hearing, so the matter could be referred to a magistrate).

8

in *Dye*, we conclude that a CPC issued by a magistrate judge is ineffective to confer jurisdiction on this court where the district judge has conclusively ceded to the magistrate judge the role of deciding whether a CPC shall issue.

Because we are without jurisdiction, the appeal is DISMISSED, and this matter is REMANDED to the district court for further proceedings, as appropriate.