IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 97-30727
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GLENN PATRICK MIRE,

Defendant-Appellant.

_____

No. 97-31256
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

NEWTON SUIRE,

Defendant-Appellant.

_____

No. 98-30016
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

WILLIAM LYNCH,

Defendant-Appellant.

--------------------
Appeals from the United States District Court
for the Western District of Louisiana
(96-CR-60038-02)

---------------------
December 8, 2000

Before HIGGINBOTHAM, WIENER, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Defendants-Appellants Glenn Patrick Mire, Newton Suire and William Lynch appeal their convictions and sentences for conspiracy to possess child pornography and conspiracy to obstruct justice (Mire), making a false statement before a federal grand jury (Suire), and subornation of perjury and conspiracy to obstruct justice (Lynch), in violation of 18 U.S.C. §§ 371, 1512, 1622, 1612, and 2252(b)(2).

Mire argues that the district court abused its discretion in denying, and in not granting an evidentiary hearing on, his motion to withdraw his guilty plea. Suire contends that the district court erred in assessing a three-level increase pursuant to U.S.S.G. § 2J1.3(b)(2) for perjury resulting in substantial interference with the administration of justice. Lynch asserts that there is insufficient evidence to support his convictions. Finally, both Suire and Lynch argue that the district court erred in imposing, as conditions of supervised release, that Suire refrain from contact with minors and that Lynch have no contact with minors other than his own children.

We have reviewed the record and briefs submitted by the parties and find that the district court did not abuse its

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

discretion in denying Mire's motion to withdraw his guilty plea. See United States v. Carr, 740 F.2d 339, 344 (5th Cir. 1984); United States v. Rojas, 898 F.2d 40, 43 (5th Cir. 1990). Mire was not entitled to an evidentiary hearing on his motion. United States v. Fuller, 769 F.2d 1095, 1099 (5th Cir. 1985).

Similarly, because the district court made specific findings in support of its assessment of a three-level increase to Suire's sentence pursuant to U.S.S.G. § 2J1.3, there was no clear error. United States v. Harrington, 82 F.3d 83, 83 (5th Cir. 1996).

Viewing the evidence in the light most favorable to the jury's verdicts, Lynch's convictions were amply supported by the evidence. United States v. Burns, 162 F.3d 840, 847 (5th Cir. 1998), cert. denied, 526 U.S. 1076 (1999). Finally, the district court did not commit error, plain or otherwise, by imposing special conditions on Suire's and Lynch's supervised release. United States v. Coenen, 135 F.3d 938, 940 (5th Cir. 1998).

The convictions and sentences of Mire, Suire, and Lynch are, in all respects,

AFFIRMED.