UNPUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
                *Plaintiff-Appellee,*

v.                                                              No. 02-6744

ROBERT LEE WASHINGTON,
                *Defendant-Appellant.*

Appeal from the United States District Court
for the Western District of Virginia, at Roanoke.
James P. Jones, District Judge.
(CA-00-761)

Submitted: September 11, 2002

Decided: September 25, 2002

Before NIEMEYER, MICHAEL, and MOTZ, Circuit Judges.

Dismissed by unpublished per curiam opinion.

### COUNSEL

Robert Lee Washington, Appellant Pro Se. Rick A. Mountcastle, OFFICE OF THE UNITED STATES ATTORNEY, Abingdon, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Robert Lee Washington seeks to appeal the district court's order denying relief on his petition filed under 28 U.S.C. § 2255 (2000). He challenges the magistrate judge's jurisdiction, as well as the district court's dismissal of his motion. We deny a certificate of appealability and dismiss the appeal.

First, Washington argues that, once the case was referred to the magistrate judge, he had a right to have the magistrate judge file a report and recommendation. However, while a district court judge *may* designate a magistrate judge to submit a report and recommendation on a dispositive motion, there is nothing in the applicable statute that requires such a designation or confers any rights on the parties. 28 U.S.C. § 636(b)(1)(B) (2000). Moreover, the referral in this case was for nondispositive rulings and did not mention a report and recommendation. Thus, the district court did not err in issuing a final order without first requiring a report and recommendation.

Washington next contends that the magistrate judge lacked the authority to rule on his motion for a certificate of appealability. While he is correct, *see Jones v. Johnson*, 134 F.3d 309, 312 (5th Cir. 1998); *see also* Fed. R. App. P. 22(b) (requiring "the district judge who rendered the judgment" to determine whether to issue a certificate of appealability), we find relief is not warranted, as we have considered Washington's motion for a certificate of appealability and determined that it was without merit. Fed. R. App. P. 22(b)(2).

Finally, Washington contends that his attorney, Ricky Gene Young, labored under a conflict of interest, because Young was being investigated by the Government on an unrelated matter. Washington was informed of this fact at sentencing and waived his right to conflict-free counsel. However, on appeal, Washington appears to claim that, since his counsel and the Government were aware of the investigation prior to his trial, the waiver did not correct the error at trial.

However, a defendant does not prove a fatal conflict by simply showing that his lawyer was under investigation and that the lawyer

had some awareness of an investigation. *Reyes-Vejerano v. United States*, 276 F.3d 94, 99 (1st Cir. 2002). A defendant must show that the conflict of interest adversely affected his lawyer's performance. *Mickens v. Taylor*, 122 S. Ct. 1237, 1245 (2002); *Cuyler v. Sullivan*, 446 U.S. 335, 348 (1980).

We find that, even if there was an actual conflict between Young and Washington's interests, Washington has failed to show that Young's representation was adversely affected. Young's defense of Washington was vigorous. He appealed the decision not to release Washington pending trial; he moved to dismiss certain counts of the indictment and challenged the make-up of the jury panel; he moved to suppress evidence seized from Washington's home, challenging the credibility of the police officer involved; he conducted plea negotiations with the Government; and he persuaded the court to dismiss all but four of the charges against Washington after the jury had returned guilty verdicts, thus reducing the possible maximum sentence from 327 months to 188 months. This aggressive approach can hardly be seen as an effective way for an attorney to curry favor with the Government. In addition, when fully informed of the conflict and given an opportunity to hire other counsel, Washington chose to have Young continue to represent him at sentencing and on appeal. This confidence in Young is further proof that Young was not affected adversely by the alleged conflict. *See United States v. Novaton*, 271 F.3d 968, 1011-12 (11th Cir. 2001) (finding no adverse effect based on attorney's "vigorous and relentless" representation), *cert. denied*, ___ U.S. ___, 70 U.S.L.W. 3742 (U.S. June 3, 2002) (No. 01-9977). Accordingly, Washington has failed to make a substantial showing of the denial of a constitutional right.

With regard to his remaining claims of ineffective assistance, we conclude on the reasoning of the district court that Washington is not entitled to a certificate of appealability. *United States v. Washington*, No. CA-00-761 (W.D. Va. Apr. 1, 2002). Thus, we dismiss the appeal. We dispense with oral argument, because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*DISMISSED*