United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 21, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-10162
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

AVERY LASHAUN BENNETT, also known as Soldier,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 1:04-CR-41-4
--------------------

Before HIGGINBOTHAM, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:*

Avery Lashaun Bennett pleaded guilty to possession with

intent to distribute less than 50 grams of cocaine base and

aiding and abetting.  Bennett appeals the district court's denial

of his motion to withdraw his guilty plea.

Notwithstanding that under oath at his guilty plea hearing,

he admitted his guilt and admitted that the facts to support his

plea of guilty were accurate, Bennett asserts that he is

innocent.  Bennett, however, has not set forth any facts or

_____

* Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

evidence in support of his assertion of innocence.  A claim of innocence, standing alone, is insufficient to allow the withdrawal of a guilty plea.  United States v. Rojas, 898 F.2d 40, 43 (5th Cir. 1990); see United States v. Carr, 740 F.2d 339, 344 (5th Cir. 1984).

Bennett contends that, as a result of United States v. Booker, 125 S. Ct. 738 (2005), he was denied his Sixth Amendment right to effective assistance of counsel and his plea was not voluntary.  Booker was decided on January 12, 2005, which was after Bennett's guilty plea on September 23, 2004.  "The determination whether the performance of counsel was deficient is based upon the law as it existed at the time of trial."  Lucas v. Johnson, 132 F.3d 1069, 1078 (5th Cir. 1998).  At the time Bennett pleaded guilty, the Sentencing Guidelines were mandatory; therefore, counsel was not deficient in using the Sentencing Guidelines to advise Bennett as to his potential sentence.  See United States v. Pineiro, 377 F.3d 464, 473 (5th Cir. 2004), vacated, 125 S. Ct. 1003 (2005); see also Strickland v. Washington, 466 U.S. 668, 689-94 (1984).

Additionally, to enter a knowing and voluntary plea, the defendant must have "a full understanding of what the plea connotes and of its consequence."  Boykin v. Alabama, 395 U.S. 238, 244 (1969).  "As long as the defendant understood the length of time he might possibly receive, he was fully aware of his plea's consequences."  United States v. Rivera, 898 F.2d 442, 447

(5th Cir. 1990) (brackets, internal quotation marks, and citation omitted).  The district court clearly informed Bennett of the possible maximum penalty for the crime he was pleading guilty to, and, after being told this information, Bennett continued with his plea.  Therefore, Bennett's plea was knowing and voluntary. See United States v. Pearson, 910 F.2d 221, 223 (5th Cir. 1990).

Considering the totality of the circumstances, it is clear that Bennett did not establish a fair and just reason for withdrawing his guilty plea.  See Carr, 740 F.2d at 343-44 (5th Cir. 1984).  The district court did not abuse its discretion in denying Bennett's motion to withdraw his guilty plea.  See id.

Accordingly, the district court's judgment is AFFIRMED.