# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 25, 2011

Lyle W. Cayce
Clerk

No. 10-11288
Cons. w/ No. 10-11289
Summary Calendar

_____

PAUL CLINTON JACKSON,

Plaintiff-Appellant

v.

OFFICER T. BUNTON; CITY OF FORT WORTH, TEXAS,

Defendants-Appellees

_____

Appeals from the United States District Court
for the Northern District of Texas
USDC No. 4:10-CV-562

_____

Before BENAVIDES, STEWART, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Paul Clinton Jackson, Texas prisoner # 707969, appeals from the district court's dismissal of his 42 U.S.C. § 1983 complaint as frivolous and for failure to state a claim upon which relief could be granted pursuant to 28 U.S.C. § 1915A(b)(1). He also appeals from the district court's denial of his motion for reconsideration, in which he sought leave to amend his complaint. We review the dismissal of Jackson's complaint de novo. See Velasquez v. Woods, 329 F.3d

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

420, 421 (5th Cir. 2003). We construe Jackson's motion for reconsideration as a Federal Rule of Civil Procedure 59(e) motion to alter or amend judgment and review the denial of that motion for an abuse of discretion. Schiller v. Physicians Resource Grp., Inc., 342 F.3d 563, 566 (5th Cir. 2003).

On appeal, Jackson concedes that he erred by naming Officer Bunton as a defendant, but he asserts that the district court should have permitted him to amend his complaint so that he could substitute another officer for Bunton as a named defendant. Because the district court held a hearing pursuant to Spears v. McCotter, 766 F.2d 179, 181-82 (5th Cir. 1985), prior to dismissing the lawsuit, the district court did not abuse its discretion by denying Jackson's motion for reconsideration seeking leave to amend his complaint. As Jackson does not argue on appeal that the district court erred by holding that his claims against Bunton and the City of Fort Worth were frivolous or failed to state a claim upon which relief may be granted, he has abandoned any challenge on those bases. See Yohey v. Collins, 985 F.2d 222, 225 (5th Cir. 1993); Brinkmann v. Dallas County Deputy Sheriff Abner, 813 F.2d 744, 748 (5th Cir. 1987).

The judgment of the district court is affirmed. The district court's dismissal of Jackson's complaint counts as a strike for purposes of 28 U.S.C. § 1915(g). See Adepegba v. Hammons, 103 F.3d 383, 387-88 (5th Cir. 1996). Jackson is warned that if he accumulates three strikes, he will not be allowed to bring a civil action or appeal a judgment in forma pauperis unless he is under imminent danger of serious physical injury. See § 1915(g).

AFFIRMED; SANCTION WARNING ISSUED.