# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

—————

No. 17-40387

—————

United States Court of Appeals
Fifth Circuit

**FILED**
August 21, 2018

Lyle W. Cayce
Clerk

ERICK LAWSON,

> Plaintiff–Appellant,

v.

WILLIAM STEPHENS, Individually and in his/her official capacity;
MADELINE ORTIZ, Individually and in his/her official capacity,

> Defendants–Appellees.

———————————

Appeal from the United States District Court
for the Eastern District of Texas

———————————

Before JOLLY, ELROD, and WILLETT, Circuit Judges.

DON R. WILLETT, Circuit Judge:

Most federal appeals probe the correctness of earlier rulings. This case, though, is less about what preceded than who presided.

\*　　\*　　\*

Erick Lawson, a former Texas prisoner, filed a pro se § 1983 civil rights complaint against prison officials who allegedly denied him access to rehabilitative programs and services, including sex offender treatment. After the district court dismissed his suit, Lawson filed a motion for reconsideration. Months later, the magistrate judge sua sponte deemed Lawson's motion withdrawn. Lawson then appealed the district court's dismissal of his suit.

## No. 17-40387

We cannot reach the merits of Lawson's appeal because we lack jurisdiction to hear the case.[1] In civil cases, the timely filing of a notice of appeal is a jurisdictional question.[2] Lawson's notice of appeal, although timely filed, is "ineffective" because the *magistrate* judge—not the *district* judge— disposed of his motion for reconsideration.[3] This offends the structural guarantees of Article III.

Consistent with the Constitution, life-tenured Article III judges— appointed by the President with the advice and consent of the Senate— "dispose of cases or controversies."[4] Magistrate judges operate as ancillary Article I judicial officers. They support, but cannot supplant, district judges. And their actions receive Article III blessing only after being formalized by an Article III judge. That did not happen here.

Thus, we consider Lawson's motion for reconsideration still pending before the district court. Until the district court decides that motion, we cannot decide this appeal. Accordingly, we HOLD THE APPEAL IN ABEYANCE and issue a LIMITED REMAND for the district court to resolve Lawson's motion for reconsideration.

---

[1] Although the parties did not raise this issue, we "must consider jurisdiction *sua sponte* [even] if not raised." *See Howery v. Allstate Ins. Co.*, 243 F.3d 912, 919 (5th Cir. 2001).

[2] *Bowles v. Russell*, 551 U.S. 205, 214 (2007); *see Hamer v. Neighborhood Hous. Servs. of Chi.*, 138 S. Ct. 13, 16–17 (2017); *see also* 28 U.S.C. § 2107(a).

[3] *See Osterneck v. Ernst & Whinney*, 489 U.S. 169, 177 (1989) ("Federal Rule of Appellate Procedure 4(a)(4) renders ineffective any notice of appeal filed while a Rule 59(e) motion is pending . . . ."); *Hunter v. U.S. Parole Comm'n*, 271 F. App'x 418, 419 (5th Cir. 2008) ("Under FED. R. APP. P. 4(a)(4), the filing of a timely FED. R. CIV. P. 59(e) motion renders a notice of appeal ineffective until an order is entered disposing of the motion." (citations omitted)); 11 Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 2821 (3d ed. Apr. 2018 Update) ("If a timely motion under Rule 59 has been made and not disposed of, the case lacks finality. For that reason, the subsequent filing of a notice of appeal is a nullity and does not deprive the trial court of power to rule on the motion.").

[4] *United States v. Dees*, 125 F.3d 261, 268 (5th Cir. 1997).

No. 17-40387

## A.     Lawson's Notice of Appeal and Motion for Reconsideration

On August 15, 2016, the district court issued a final judgment, ordering that Lawson "take nothing" and dismissing his lawsuit without prejudice. On August 29, 2016, Lawson filed a motion "requesting reconsideration based on circumstances beyond plaintiff's control."

Construing Lawson's pro se pleadings liberally,[5] we treat his motion for reconsideration as a motion to alter or amend the district court's judgment under Federal Rule of Civil Procedure 59(e).[6] Litigants have 28 days from the entry of judgment to file a Rule 59(e) motion.[7] Lawson satisfied this requirement.

A timely filed Rule 59(e) motion tolls the deadline for filing a notice of appeal until "the entry of the order disposing of the last such remaining motion."[8] As we explained in *Richardson v. Oldham*,

> Fed. R. App. P. 4(a)(1) requires that notices of appeal to this Court be filed within thirty days of the entry of judgment in the district

---

[5] *See Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002).

[6] *See United States v. Gallardo*, 915 F.2d 149, 150 n.2 (5th Cir. 1990); *see also Jackson v. Bunton*, 446 F. App'x 723, 723 (5th Cir. 2011) (construing a pro se litigant's "motion for reconsideration as a Federal Rule of Civil Procedure 59(e) motion to alter or amend judgment"); 5 Am. Jur. 2d *Appellate Review* § 269 (2018) ("Whether a postjudgment motion is among those which will toll the time for appeal is determined by the substance of the motion, rather than its label. Courts will construe a motion, however styled, to be the type proper for the relief requested. Thus, courts will consider a 'motion for reconsideration' as a motion to alter or amend the judgment." (citations omitted)).

We do not construe Lawson's notice of appeal as an attempt to appeal the magistrate judge's withdrawal of the motion for reconsideration. This is because Lawson cannot appeal such a ruling directly to our court; he would have needed to appeal that ruling to the district court first. *See Donaldson v. Ducote*, 373 F.3d 622, 624–25 (5th Cir. 2004) (per curiam) (recognizing that a party "dissatisfied" with a magistrate judge's decision must seek relief in the district court before appealing to the circuit court and that, if a party fails to do so, the circuit court lacks jurisdiction over the appeal); *Colburn v. Bunge Towing, Inc.*, 883 F.2d 372, 379 (5th Cir. 1989) (holding that a party's failure to "appeal the magistrate's denial of his motion to the trial court" left our court without jurisdiction to consider the motion).

[7] FED. R. CIV. P. 59(e).

[8] FED. R. APP. P. 4(a)(4)(A)(iv); *see* 16A Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 3950.4 (4th ed. Apr. 2018 Update) ("Rule 4(a)(4)(A) provides that the time for filing a notice of appeal is tolled 'for all parties' by the timely filing of any

court. That thirty-day clock is tolled, however, during the
pendency of certain motions under Fed. R. Civ. P. 59. One such
Rule 59 motion is the motion to alter or amend a judgment . . . .[9]

In other words: "[T]he thirty-day clock for filing a notice of appeal to this Court does not begin to run until the district court rules on the motion for reconsideration."[10]

Here, the district court never ruled on the motion; the magistrate judge withdrew Lawson's motion sua sponte on March 13, 2017. Lawson filed his notice of appeal on April 10, 2017—within thirty days of the withdrawal. If the magistrate judge's ruling controlled, Lawson's notice of appeal would be considered timely filed.[11] But, as we discuss below, the magistrate judge's decision to deem the motion "withdrawn" carries no legal force. Lawson's notice of appeal, therefore, "is a nullity," and we lack jurisdiction to hear his appeal until the district court decides the Rule 59(e) motion.[12]

## B.    The Magistrate Judge's Withdrawal of the Motion

The magistrate judge unilaterally withdrew Lawson's timely filed Rule 59(e) motion nearly seven months after Lawson filed it. On February 24, 2017, Lawson filed a motion requesting a copy of his original complaint. On March 13, 2017, the magistrate judge granted his request. But, in that same

---

one of six kinds of motions . . . [including] a motion to alter or amend the judgment under Civil Rule 59(e) . . . if the motion is filed no later than 28 days after the entry of judgment." (citations omitted)).

[9] 12 F.3d 1373, 1377 (5th Cir. 1994) (citation omitted).

[10] *Id.* (citations omitted); s*ee* 16A Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 3950.4 (4th ed. Apr. 2018 Update) ("The time to file an appeal in a civil case is tolled by the timely filing of a motion listed in Rule 4(a)(4)(A), and begins to run anew from the entry of the order disposing of the last such remaining motion . . . . In other words, once the district court has finally acted on the tolling motion, the appeal period begins anew, calculated from the date of entry of the district court's order." (citations omitted)).

[11] *See* FED. R. APP. P. 4(a)(1)(A); *see also* 28 U.S.C. § 2107(a).

[12] *See Richardson*, 12 F.3d at 1377 (recognizing that "any notice of appeal is a nullity if it is filed before the district court rules on" a Rule 59 motion (citations omitted)).

order, the magistrate judge—without explanation—also deemed Lawson's motion for reconsideration "withdrawn."[13]

We conclude that the magistrate judge's decision to withdraw Lawson's Rule 59(e) motion was not a legally binding disposition.

Magistrate judges are empowered by statute—not Article III.[14] "Generally, in a case in which the parties have not consented to have the case proceed before a magistrate judge, a magistrate judge may determine pretrial matters, conduct evidentiary hearings, and file proposed findings and recommendations."[15] A magistrate judge cannot, however, "dispose of cases or controversies."[16] And district courts cannot delegate to magistrate judges "final decisionmaking authority over a substantial issue in a case" without creating "an Article III problem."[17]

Previously, we confronted a situation where a district court delegated to a magistrate judge the responsibility of deciding a motion for a certificate of

---

[13] The magistrate judge withdrew two other motions that may be construed as Rule 59(e) motions. But those motions were not timely filed, so they cannot toll the window for filing a notice of appeal. *See Martin v. Wainwright*, 469 F.2d 1072, 1073 (5th Cir. 1972) ("[A]n untimely motion will not toll the time for taking an appeal." (citations omitted)); *see also Miss. State Tax Comm'n v. Superior Boat Works Inc. (In re Superior Boat Works Inc.)*, 268 F.3d 1063 (5th Cir. 2001) (per curiam) ("Because [the] motion for rehearing was untimely, it did not toll the time for appeal of the district court's ruling."); 5 Am. Jur. 2d *Appellate Review* § 267 (2018) ("Untimely motions do not toll the period for filing a notice of appeal . . . .").

[14] *See* 28 U.S.C. § 636.

[15] *Jones v. Johnson*, 134 F.3d 309, 310 (5th Cir. 1998) (citations omitted). Here, the parties did not consent to proceed before a magistrate judge. That would, of course, change our analysis. *See id.* at 310 n.1.

[16] *Dees*, 125 F.3d at 268; *see id.* ("Article III judges cannot delegate to magistrate judges final authority over some important issue in a case, as only Article III judges, not their adjuncts, have the power to dispose of cases or controversies."); *see also id.* (recognizing that exercising "magisterial power can violate the structural guarantees of Article III").

[17] *See id.* If, however, the district court retains "the power to review the magistrate judge's actions," then weighty matters may be delegated to the magistrate judge. *See id.*; *see also id.* at 269 (recognizing that "the right to have an Article III judge preside over a plea proceeding is personal, not structural," and explaining that "[s]hould a defendant waive that personal right, Article III permits delegation of plea allocutions from the district court to a magistrate judge").

probable cause (CPC) to appeal the denial of a habeas petition.[18] The magistrate judge denied the motion, and the district court took no further action.[19] The defendant then appealed, asking us to issue the CPC.[20] On appeal, we held that delegating such authority to the magistrate judge offended Article III by giving the magistrate judge final authority to decide an important issue in the case.[21] Thus, the magistrate judge's ruling was ultra vires, and our court lacked jurisdiction to hear the appeal.[22]

Deciding a Rule 59(e) motion is equally substantial. Denying the motion may end the case; granting the motion may alter or amend an earlier judgment. Thus, if a magistrate judge decides a Rule 59(e) motion, she could either dispose of the case or abrogate a district court's earlier ruling.[23] Article III countenances neither outcome. Article III reserves the power to "dispose of cases or controversies"[24] to Article III judges. So the final authority to decide a case's important issues must lie with the district court, not a magistrate judge.[25] In these situations, magistrate judges are advisors—not deciders.

\* \* \*

This year marks the 50th anniversary of the Federal Magistrates Act. The impact has been transformative, as extolled by the Supreme Court itself: "the role of the magistrate in today's federal judicial system is nothing less

---

[18] *See Jones*, 134 F.3d at 309.

[19] *Id.*

[20] *Id.*

[21] *Id.* at 311–12.

[22] *Id.* at 312 (concluding that "a CPC issued by a magistrate judge is ineffective to confer jurisdiction on this court where the district judge has conclusively ceded to the magistrate judge the role of deciding whether a CPC shall issue").

[23] Here, the decision to withdraw the motion had the same effect as denying it: The case ended.

[24] *See Dees*, 125 F.3d at 268.

[25] *See id.* A district court must, at the very least, retain power to review the magistrate judge's actions. *See id.* at 269. Here, however, there is no indication the district court retained such power or reviewed the magistrate judge's decision to withdraw the motion.

than indispensable."[26] Magistrate judges are integral to the day-to-day workings of federal district courts. And over time, their responsibilities, like federal caseloads, have grown steadily. Today, magistrate judges outnumber authorized circuit judgeships more than 3:1—541 to 179.[27] These judicial colleagues handle a staggering volume of work, disposing of a million-plus matters in 2017.[28] Their impact is irrefutable, but stats must yield to statutes. The powers of magistrate judges, while consequential, are also confined—both statutorily and constitutionally.

Lawson's motion for reconsideration, properly construed as a Rule 59(e) motion, was a "substantial issue" over which the district court must have final decision-making authority. The magistrate judge's withdrawal of the motion was ultra vires and without legal consequence. As a result, Lawson's motion for reconsideration remains pending in the district court. And until the district court decides the motion, we lack jurisdiction to decide the appeal.

Accordingly, we HOLD THE APPEAL IN ABEYANCE and issue a LIMITED REMAND to allow the district court to rule on Lawson's pending motion "as expeditiously as possible, consistent with a just and fair disposition."[29]

---

[26] *Peretz v. United States*, 501 U.S. 923, 928 (1991) (quoting *Gov't of the V.I. v. Williams*, 892 F.2d 305, 308 (3d Cir. 1989)).

[27] ADMIN. OFFICE OF THE U.S. COURTS, *Status of Magistrate Judge Positions and Appointments - Judicial Business 2017*, http://www.uscourts.gov/statistics-reports/status-magistrate-judge-positions-and-appointments-judicial-business-2017 (last visited Aug. 20, 2018); ADMIN. OFFICE OF THE U.S. COURTS, *Status of Article III Judgeships - Judicial Business 2017*, http://www.uscourts.gov/statistics-reports/status-article-iii-judgeships-judicial-business-2017 (last visited Aug. 20, 2018).

[28] ADMIN. OFFICE OF THE U.S. COURTS, *U.S. Magistrate Judges - Judicial Business 2017*, http://www.uscourts.gov/statistics-reports/us-magistrate-judges-judicial-business-2017 (last visited Aug. 20, 2018).

[29] *Burt v. Ware*, 14 F.3d 256, 261 (5th Cir. 1994).