# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
July 9, 2021

Lyle W. Cayce
Clerk

No. 20-10221
Summary Calendar

Salvador Jimenez,

*Plaintiff—Appellant*,

*versus*

Bobby Lumpkin, *Director*, *Texas Department of Criminal Justice*, *Correctional Institutions Division*,

*Defendant—Appellee*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 2:17-CV-139

Before King, Smith, and Higginson, *Circuit Judges*.

Per Curiam:*

Salvador Jimenez, Texas prisoner # 870962, filed a 42 U.S.C. § 1983 complaint that the district court dismissed as frivolous pursuant to 28 U.S.C.

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-10221

§ 1915A, 28 U.S.C. § 1915(e)(2), and 42 U.S.C. § 1997e(a). Jimenez then filed a document he entitled, "Motion for Objection to the Judge's Report."

"This Court must examine the basis of its jurisdiction, on its own motion, if necessary." *Mosley v. Cozby*, 813 F.2d 659, 660 (5th Cir. 1987) (per curiam). A timely "notice of appeal in a civil case is a jurisdictional requirement." *Bowles v. Russell*, 551 U.S. 205, 214 (2007). "A document filed in the period prescribed by FED. R. APP. P. 4(a)(1) for taking an appeal should be construed as a notice of appeal if the document clearly evinces the party's intent to appeal." *Mosley*, 813 F.2d at 660 (internal quotations marks and citations omitted); *see also Smith v. Barry*, 502 U.S. 244, 248 (1992) ("a notice of appeal must specifically indicate the litigant's intent to seek appellate review").

A motion for reconsideration that seeks an appeal alternatively to postjudgment relief does not clearly indicate the intent to appeal. *Mosley*, 813 F.2d at 660. Because Jimenez sought reconsideration after discovery as his primary request and he did not indicate that he was seeking an appeal in the Fifth Circuit, the pleading was insufficient to constitute a notice of appeal. *See id.*; FED. R. APP. P. 3(c)(1)(C). Rather, because the pleading seeks reconsideration and was filed within 28 days of the judgment, it is more properly construed as a motion under Federal Rule of Civil Procedure 59(e). *See Mangieri v. Clifton*, 29 F.3d 1012, 1015 n.5 (5th Cir. 1994).

Although Jimenez later filed a motion for leave to proceed in forma pauperis that can be construed as a notice of appeal, *see Fischer v. U.S. Dep't of Just.*, 759 F.2d 461, 464 & n.2 (5th Cir. 1985) (per curiam), that pleading cannot become effective as a notice of appeal until the district court rules on the outstanding Rule 59(e) motion. *See* FED. R. APP. P. 4(a)(4)(B)(i); *Lawson v. Stephens*, 900 F.3d 715, 717 & n.3 (5th Cir. 2018). We therefore REMAND this case to the district court for the limited purpose of ruling on

No. 20-10221

the pending Rule 59(e) motion "as expeditiously as possible, consistent with a just and fair disposition."  *See Lawson*, 900 F.3d at 721 (internal quotation marks and citation omitted).  We hold the appeal in abeyance until the notice of appeal becomes effective, and we retain jurisdiction over the appeal except for the purposes of the limited remand.

LIMITED REMAND; APPEAL HELD IN ABEYANCE.