# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

May 16, 2022

Lyle W. Cayce
Clerk

No. 21-40036
Summary Calendar

---

ARTHUR ROBERTS, II,

*Plaintiff—Appellant*,

*versus*

FUENTES, *Warden Lieutenant*; C. FURR, *Warden*; G. MILLER, *Warden*; RICHARDSON, *Warden*; BRYAN COLLIER, *Executive Director of Texas Department of Criminal Justice*; DALE WAIN WRIGHT, *Texas Board of Criminal Justice*; MEGAN R. THOMPSON, *Correctional Officer of Texas Department of Criminal Justice*; JAVIER MURO, *Lieutenant of Texas Department of Criminal Justice*; RAY A. GUEVARA, *Captain*; CODY A. WOLFRUM, *Captain*; TANYA LAWSON, *UTMB Senior Practice Manager*,

*Defendants—Appellees*.

---

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:20-CV-93

---

Before SOUTHWICK, OLDHAM, and WILSON, *Circuit Judges*.

Per Curiam:*

Arthur Roberts, II (Texas prisoner # 02124614), has appealed the dismissal with prejudice as frivolous and/or for failure to state a claim on which relief may be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) of his civil rights action against personnel at the McConnell Unit of the Texas Department of Criminal Justice, Criminal Institutions Division (TDCJ), and statewide supervisory personnel.

Roberts's motions for appointment of counsel, for a default judgment, and for leave to file a "letter of relief" and attachments are DENIED.

Roberts contends that the magistrate judge misconstrued and mischaracterized his claims and exceeded his authority and that he was denied the right to have his claims tried before a jury because the defendants were never served with the summons and complaint. No error has been shown. *See* §§ 1915A(a) & (b)(1), 1915(e)(2)(B); *Jones v. Bock*, 549 U.S. 199, 213-14 (2007). In a case such as this, in which the parties have not consented to have the case proceed before a magistrate judge to judgment, the magistrate judge may determine pretrial matters, conduct evidentiary hearings, and file proposed findings and recommendations. *See Lawson v. Stephens*, 900 F. 3d 715, 719-20 (5th Cir. 2018); 28 U.S.C. § 636(b)(1). The district court is then required to make a de novo determination of any portions of the magistrate judge's proposed findings and recommendations to which objection is made. *See* § 636(b)(1). That procedure was followed in this case.

The magistrate judge was unfairly biased, Roberts asserts. A judge's adverse rulings, without more, are insufficient to show judicial bias unless they reveal an opinion based on an extrajudicial source or demonstrate such

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

a high degree of antagonism as to make fair judgment impossible. *See Liteky v. United States*, 510 U.S. 540, 555 (1994). No such opinion or antagonism is discernible in this case. *See id.*

"An [in forma pauperis (IFP)] complaint may be dismissed as frivolous pursuant to . . . § 1915(e)(2)(B)(i) if it has no arguable basis in law or in fact." *Ruiz v. United States*, 160 F.3d 273, 274-75 (5th Cir. 1998). An IFP complaint may also be dismissed for failure to state a claim on which relief may be granted. § 1915(e)(2)(B)(ii); *see also* § 1915A(b)(1). Dismissals for failure to state a claim are reviewed under the same standard applied to dismissals under Federal Rule of Civil Procedure 12(b)(6). *See Legate v. Livingston*, 822 F.3d 207, 210 (5th Cir. 2016). That is, "a complaint will survive dismissal for failure to state a claim if it contains sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* (internal quotation marks and citation omitted). When a complaint is dismissed as frivolous and for failure to state a claim, our review is de novo. *See Coleman v. Lincoln Par. Det. Ctr.*, 858 F.3d 307, 308-09 (5th Cir. 2017). Roberts's pro se arguments have been given liberal construction. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972).

Roberts's briefing on the merits of his constitutional claims is incoherent and wholly conclusional. He has attempted to incorporate by reference arguments asserted in the district court, which is not permitted. *See Perillo v. Johnson*, 79 F.3d 441, 443 n.1 (5th Cir. 1996). Even pro se litigants must brief arguments in order to preserve them. *See Yohey v. Collins*, 985 F.2d 222, 224–25 (5th Cir. 1993). When an appellant fails to address the merits of the district court's decision or identify an error in its legal analysis, it is the same as if he had not appealed. *See Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987). A constitutional question that is either unbriefed or inadequately briefed will be deemed abandoned. *See Coleman*, 858 F.3d at 309 & n.9.

The district court determined that Roberts's official-capacity claims were barred under the Eleventh Amendment. It dismissed Roberts's supervisory-capacity claims against defendants Sifuentes, Furr, Miller, Fernandez, Richardson, Collier, and Wainwright because Roberts had not alleged personal involvement or implementation of unconstitutional policies on their part. Roberts raises no issue with respect to these determinations. Therefore, any issue that might have been raised has been waived. *See Brinkmann*, 813 F.2d at 748. The district court determined: that Roberts's complaints against defendants Furr, Miller, Fernandez, and Richardson, related to their denial of his various grievances, failed to raise a cognizable constitutional claim; that Roberts's contention that defendants Thompson and Muro had violated his right to due process in relation to disciplinary cases was barred under the rule in *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); that Roberts had not alleged an actionable claim of retaliation against defendants Thompson and Wolfrum; and that Roberts's contention that defendant Lawson had failed to assist him in pursuing grievances did not state a constitutional claim and was frivolous. These questions have not been briefed and therefore are waived. *See Brinkmann*, 813 F.2d at 748.

Roberts contended in the district court that many of the defendants were members of the Mexican Mafia and had subjected him to psychological, emotional, or physical torture and had exposed him to death gas and other chemical agents. The district court determined that these contentions were baseless, irrational, and wholly incredible, and, therefore, they were dismissed as frivolous. *See Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992). Roberts's arguments are conclusional and do not show that the district court erred. *See Coleman*, 858 F.3d at 309 & n.9; *Yohey*, 985 F.2d at 224-25.

Roberts's arguments on appeal with respect to defendant Guevara, in particular, are conclusional and hyperbolic and do not show that Guevara acted with deliberate indifference to his health or safety or otherwise exposed

him to a substantial risk of serious harm. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Legate*, 822 F.3d at 210.

Roberts's assertions that he had been denied access to the courts in relation to his federal habeas case, the district court determined, were frivolous and failed to state a claim on which relief may be granted. To show that his Sixth Amendment right of access to the courts was violated, Roberts must show an actual injury—that his efforts to pursue a nonfrivolous legal claim were hindered. *See Lewis v. Casey*, 518 U.S. 343, 351 (1996); *Ruiz*, 160 F.3d at 275. Roberts does not state how his efforts to assert a nonfrivolous legal claim were hindered. *See Lewis*, 518 U.S. at 351.

Roberts complains that his request for a preliminary injunction with respect to his denial-of-access-to-the-courts claim was denied, but he has not briefed that question. Roberts complains that TDCJ's Inspector General refused to investigate his denial-of-access-to-the-courts claim. These issues are unbriefed and therefore are waived. *See Yohey*, 985 F.2d at 224-25.

As the appeal is without arguable merit, it is DISMISSED AS FRIVOLOUS. *See* 5TH CIR. R. 42.2. Our decision and the district court's decision both count as strikes under 28 U.S.C. § 1915(g). We WARN Roberts that, if he accumulates a third strike, he will not be permitted to bring a civil action or appeal a judgment in a civil action or proceeding IFP unless he is under imminent danger of serious physical injury. *See* § 1915(g); *see also Coleman v. Tollefson*, 575 U.S. 532, 537 (2015); *Alexander v. Texas Dep't of Criminal Justice*, 951 F.3d 236, 241 (5th Cir. 2020).